

**LAZARE POTTER GIACOVAS & MOYLE LLP**

747 THIRD AVE, FLOOR 16
NEW YORK, NEW YORK 10017
T: 212.758.9300
F: 212.888.0919
LPGMLAW.COM

Direct: (212) 784-2402
dpotter@lpgmlaw.com

April 13, 2023

VIA ECF

Honorable Ronnie Abrams
United States District Court,
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

By separate order, the Court has referred this matter to Magistrate Judge Wang for general pretrial management. The parties shall address this discovery dispute to Judge Wang.

SO ORDERED.

_____
Hon. Ronnie Abrams
April 14, 2023

Re: Ascot Valley Foods, Ltd. v. ADF Foods (USA), Ltd.
Case No. 22-CV-02655 (RA)

Dear Judge Abrams:

We represent defendant ADF Foods (USA), Ltd. ("ADF") in the above-referenced case. We are writing to raise a discovery dispute related to plaintiff Ascot Valley Foods, Ltd.'s ("Ascot") document production. In accordance with Section 3 of your Individual Rules and Practices in Civil Cases, I conferred on the telephone with Ascot's counsel on March 20, 2023. Ascot's counsel agreed to discuss the issues we raised in our call with his client. On April 6, 2023, Ascot's counsel sent me an email advising that his client would not produce certain requested documents because the requests were "overly burdensome and would not lead to admissible evidence." The documents Ascot refused to produce are directly relevant to ADF's counterclaims and defenses.

ADF's counterclaims are based on (i) Ascot's sale of products to others in violation of the exclusivity provision of the July 29, 2015 contract between Ascot and ADF for the manufacturing, production, packaging, and sale of certain food products (the "Co-Pack Agreement"); (ii) Ascot's misappropriation of Defendant's confidential and proprietary information, and trade secrets, in violation of the Co-Pack Agreement, common law and the Defend Trade Secrets Act; and (iii) Ascot's refusal to produce products as required under the Co-Pack Agreement.

In paragraph 31 of ADF's Request for Production of Documents ("RFP"), ADF requested:

All Documents relating to Ascot manufacturing, producing or packaging any of meatballs, mushroom meatballs or meatless meatballs for Persons other than ADF (or any proposals for Ascot to do so), including without limitation, (i) Communications with, the Persons who could have or did purchase such products, (ii) agreements with the customers who could have or did purchase such products,

(iii) the quantities of such products proposed to be sold or sold, (iv) the specifications or formulas used, or proposed to be used, to manufacture, produce or package any such products, and/ or (v) the packaging used, or proposed to be used, for such products.

In its Response and Objections to ADF's RFP (attached hereto as Exhibit 1), Ascot responded with boilerplate objections:

RESPONSE: Plaintiff objects as the term "sales targets" is not defined.[1] Plaintiff further objects to this Demand to the extent that this Demand seeks information not relevant and not reasonably calculated to the discovery of admissible evidence. Plaintiff further objects to the extent that this Demand on the ground that it is drafted in such a manner that it is overly broad, in that this Demand purports to seeks the disclosure or information or data which is unduly burdensome to obtain.

First, the objections "to the extent that this Demand is not relevant…" and "this Demand purports to seeks [sic] the disclosure or information or data which is unduly burdensome to obtain" violate FRCP 34's specificity requirement. Fischer v. Forrest, No. 14 CIV 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (general relevance and burdensome objections are meaningless and violate FRCP 34). ADF's request is related to its counterclaims that Ascot breached the Co-Pack Agreement by manufacturing and selling meatballs to other customers and used ADF's confidential and proprietary information in order to do so. Ascot's objection that the request is unduly burdensome does not indicate how many documents would be potentially responsive or why the production would be unduly burdensome. Based on documents produced in this case, it is inconceivable that pulling documents on the sales of one type of product would be overly burdensome.

Ascot raised nearly identical objections to paragraph 33 of ADF's RFP:

All Documents relating to Ascot's profit margins on the Products manufactured, produced or packaged for ADF from January 1, 2020, through the date Ascot alleges that the Co-Pack Agreement terminated.

RESPONSE: Plaintiff objects as the term "financial and sales targets" is not defined.[2] Plaintiff further objects to this Demand to the extent that this Demand seeks information not relevant and not reasonably calculated to the discovery of admissible evidence. Plaintiff further objects to the extent that this Demand on the ground that it is drafted in such a manner that it is overly broad, in that this Demand purports to seeks the disclosure or information or data which is unduly burdensome to obtain.

The documents ADF requested in RFP paragraph 33 are relevant to the 7th, 8th and 14th Defenses in ADF's Answer. The Co-Pack Agreement limited price increases to documented increases in the cost of raw materials, ingredients, and packaging. Ascot's profit margins associated with making the products would reflect whether it was in breach of the Co-Pack

---

[1] This objection appears to be raised in error. There are no references to "sales targets" in the RFP.
[2] There are no references to "financial and sales targets" in the RFP.

Agreement, i.e. if the profit margins increased, it would show that the price increases were unrelated to cost increases. As for the unduly burdensome objection, Ascot has not shown that the production of these documents would be voluminous or otherwise burdensome to produce.

Ascot raised the same objections to paragraph 38 of ADF's RFP:

The Documents relating to any claims of force majeure made by Ascot to any customer of Ascot or another person in connection with COVID-19 or the pandemic for the period from January 1, 2020 through March 31, 2022.

RESPONSE: Plaintiff objects to this Demand to the extent that this Demand seeks information not relevant and not reasonably calculated to the discovery of admissible evidence. Plaintiff further objects to the extent that this Demand on the ground that it is drafted in such a manner that it is overly broad, in that this Demand purports to seeks the disclosure or information or data which is unduly burdensome to obtain.

In its Answer, ADF raised force majeure as a defense related to Ascot's allegation that it did not purchase its minimum commitment in 2020-2021 and further alleged that Ascot's inability to produce the products for ADF during the pandemic excused its performance. Ascot having made similar force majeure assertions for the same period would be relevant to ADF's defenses.

Finally, in paragraph 18 of the RFP, ADF requested documents related to Ascot's need for financing in order to remain in business or continue production, including production of products for ADF. Ascot raised the same boilerplate objections as above. The financing information is relevant to ADF's claim that Ascot was not able to produce enough products for ADF to meet the minimum commitment and there is no indication that production of the requested financing documents would be burdensome.

In sum, Ascot's objections are defective on their face and without merit based on the claims and defenses raised in this case. ADF requests this Court schedule an informal conference to address the above issues and compel Ascot to produce the documents requested. [3]

Thank you for your consideration of this matter.

Respectfully submitted,

S/*David E. Potter*

David E. Potter

cc:   Anthony Juliano, Esq.

---

[3] Ascot has produced certain recipes for "attorneys' eyes only." ADF is not challenging the designation at this time. However, ADF reserves the right to challenge the designation should the need to show the recipes to non-attorneys arise later, or if additional facts show the "attorneys' eyes only" designation is unwarranted.