Case 1:22-cv-02655-DEH-OTW  Document 55  Filed 10/27/23  Page 1 of 2



**LAZARE POTTER GIACOVAS & MOYLE LLP**

747 THIRD AVE, FLOOR 16
NEW YORK, NEW YORK 10017
T: 212.758.9300
F: 212.888.0919
LPGMLAW.COM

Direct: (212) 784-2402
dpotter@lpgmlaw.com

October 27, 2023

<u>VIA ECF</u>

Honorable Ona T. Wang
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: Ascot Valley Foods, Ltd. v. ADF Foods (USA), Ltd.
     <u>Case No. 22-CV-02655 (RA)</u>

Dear Judge Wang:

  We represent defendant ADF Foods (USA), Ltd. ("ADF") in the above-referenced case. We are writing regarding your Honor's October 26, 2023 Order setting December 6, 2023 as the end date for fact discovery (the "Order").  Dkt. 54.

  The delays referenced in the Order resulted from plaintiff Ascot Valley Foods Ltd.'s ("Ascot") incomplete document production after the May 25, 2023 hearing, our good faith attempts to resolve the discovery dispute and Ascot's ultimately producing 11,980 pages of documents in late September.  We are requesting that the December 6, 2023 end date for fact discovery be extended to January 30, 2023 because ADF was not the cause of the delays and the December 6, 2023 deadline will prejudice ADF and present scheduling difficulties for ADF and me.

  At the May 25, 2023 hearing concerning a dispute related to Ascot's document production (the "Hearing"), the Court ordered Ascot to produce by June 23, 2023 documents that it had invalidly withheld.  *See* transcript attached hereto as Exhibit 1, pp. 19-20, ll. 12-1.  However, your Honor also stated that, if Ascot could not produce the documents by that date, the parties should agree on a different date.  *Id.*  Finally, at the end of the Hearing, your Honor stressed: "I really expect parties to be able to work out disputes like this, most readily among themselves. And this also goes to you, Mr. Potter." *Id.*, p. 20, ll. 22-25.

  On June 23, 2023, Ascot produced some documents and stated that it was experiencing technical difficulties producing communications and agreements with customers.

On July 11, 2023 Ascot produced additional documents. After reviewing the documents, I requested a meet and confer because the documents produced were heavily redacted and it appeared that many documents were missing. We scheduled the meeting for Friday August 4, 2023, but on that date Ascot's counsel advised that he needed to reschedule to the following Monday. Unfortunately, August 4 was my last day before vacation. We attempted to schedule the call while I was on vacation; however, time zone differences and spotty internet made it impossible.

When I returned from vacation on August 22, 2023, I immediately contacted Ascot's counsel to set up a call and sent him the attached letter outlining the issues I wanted to discuss. *See* August 22, 2023 letter attached as Exhibit 2. He was not available until the following week and thus we scheduled the call for Monday, August 28, 2023. In our call on August 28, 2023, Ascot's counsel agreed for the first time to produce all the documents we had requested.

On September 20, 2023, Ascot produced 11,980 pages of additional documents. It took me a few weeks to do an initial review just to conclude that Ascot appeared to have produced the requested documents. Thus, we waited until this week to send the revised discovery schedule.

In short, ADF acted reasonably in resolving the discovery dispute without further Court intervention as the Court directed at the Hearing. We therefore request the Court extend the fact discovery deadline to January 30, 2024 or schedule an informal conference before December 6, 2023 to address this matter that disproportionately and adversely affects ADF on account of Ascot's failure to produce documents.

Thank you for your consideration of this matter.

Respectfully submitted,

S/*David E. Potter*

David E. Potter

cc:   Anthony Juliano, Esq.