# BRACH | EICHLER LLC

Anthony Juliano, Esq.
Direct Dial: 973-403-3154
Direct Fax: 973-618-5554
E-mail: ajuliano@bracheichler.com

November 1, 2023

**VIA ECF**
Honorable Dale E. Ho, U.S.D.J.
Thurgood Marshall
U.S. Courthouse
40 Foley Square
New York, NY 10007

> Within seven (7) days of the close of fact discovery, the parties shall file a further joint letter updating the Court of the status of this case. Such letter shall propose next steps in this litigation, including a statement as to whether any party wishes to file a dispositive motion. The letter shall also state whether the parties would like to proceed with settlement discussions before Magistrate Judge Wang, through the District's Mediation Program, or with a private mediator. So Ordered.
>
> Dale E. Ho
> United States District Judge
> Dated: November 2, 2023
> New York, New York

Re: **Ascot Valley Foods, Ltd. v. ADF Foods (USA), Ltd.**
    Case No.: 22-cv-2655-DEH-OTW

Dear Judge Ho:

This firm represents plaintiff Ascot Valley Foods, Ltd. ("Plaintiff"), in the above-captioned litigation. We write jointly with Lazare Potter Giacovas & Moyle LLP, counsel for defendants ADF Foods (USA), Ltd. ("Defendant"), pursuant to the Court's October 17, 2023 Order (Docket No. 52) requesting a joint letter setting forth the nature of the action, and other relevant information. The information requested in the Court's Order is set forth below.

1. <u>Counsel Information</u>. The information reflected on the docket is accurate.

2. <u>Nature of Case</u>.

<u>Plaintiff's Position</u>

This action arises out of a July 29, 2015 contract between Plaintiff and Defendant (the "Co-Pack Agreement") for the manufacturing, production, packaging, and sale of certain specially-manufactured goods between two merchants. Plaintiff was forced to terminate the contract because Defendant breached same by: (a) failing to place orders for the minimum quantity required for the term of July 29, 2020, to July 28, 2021; and (b) failing to remit payment on certain invoices for goods delivered by Plaintiff and accepted by Defendant. As such, Plaintiff filed suit (Docket No. 1) seeking: (a) money damages for breach of the Co-Pack Agreement; (b) common law and UCC remedies related to the sale of goods; (c) equitable relief related to the purchase of materials unique to the Defendant and not sellable to other customers; and (d) a declaratory judgment determining with finality that the Co-Pack Agreement was properly terminated by Plaintiff pursuant to the mutually agreed-upon terms of same.

5 Penn Plaza, 23rd Floor
New York, New York 10001
212.896.3974

101 Eisenhower Parkway
Roseland, New Jersey 07068
973.228.5700

777 South Flagler Drive
Suite 800, West Tower
West Palm Beach, Florida 33401
561.899.0177

www.bracheichler.com

BE:13505995.1/ASC016-281773

Honorable Dale E. Ho, U.S.D.J.
November 1, 2023
Page 2

      Defendant filed an Answer and Counterclaim (Docket No. 11). The Counterclaim alleges, in sum, that Plaintiff breached the Co-Pack Agreement by misappropriating Defendant's proprietary information and/or "Trade Secrets" and utilizing same to manufacture, produce, and package certain specially-manufactured goods purportedly encompassed by the Co-Pack Agreement for third parties and for Plaintiff's own benefit. Plaintiff denies it breached the Co-Pack Agreement and further denies it misappropriated any "Trade Secrets" of Defendant.

<u>Defendant's Position</u>

      Plaintiff purported to terminate the Co-Pack Agreement and brought claims against Defendant in retaliation for Defendant exercising its right to adequate assurance of performance of the exclusivity, confidentiality and production provisions of the Co-Pack Agreement and refusal to yield to Plaintiff's unilateral price increases in violation of the Co-Pack Agreement. Plaintiff's claims are barred because, among other things, (i) Defendant's performance was excused by Plaintiff's failure to provide Defendant with adequate assurance of performance and its breaches of the exclusivity, confidentiality, pricing and production provisions of the Co-Pack Agreement; and (ii) the parties modified the minimum quantity provision of the Co-Pack Agreement through course of performance based on changed circumstances, including Plaintiff's inability to manufacture products it contracted to produce at agreed-upon prices. In addition, Plaintiff's alleged damages are inflated, speculative, duplicative and precluded under the Co-Pack Agreement.

      Defendant's counterclaims are based on (i) Plaintiff's refusal to produce products as required under the in the Co-Pack Agreement; (ii) Plaintiff's sale of products to others in violation of the exclusivity provision of the Co-Pack Agreement; (iii) Plaintiff's misappropriation of Defendant's confidential and proprietary information and trade secrets in violation of the Co-Pack Agreement, common law and the Defend Trade Secrets Act.

   3.  <u>Jurisdiction</u>. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and Plaintiff and Defendant are citizens of different states. *See* 28 U.S.C. § 1332(c)(1). Plaintiff is incorporated, and its principal place of business is located, in Ohio; Defendant is incorporated in Delaware and its principal place of business is in California. As such, complete diversity of jurisdiction exists between the parties. The Court also has supplemental subject matter jurisdiction over the parties' state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3), as Paragraph 32 of the Co-Pack Agreement between the parties contained an exclusive and mandatory forum selection clause designating this Court as a selected venue for any disputes arising from the agreement.

   4.  <u>Statement of Existing Deadlines</u>. The case was referred to Magistrate Judge Ona Wang for all pre-trial matters. (Docket No. 43). The current fact discovery deadline is December 6, 2023. Judge Wang scheduled a conference on December 6, 2023 to discuss the status of discovery and

Honorable Dale E. Ho, U.S.D.J.
November 1, 2023
Page 3

any additional discovery needed. The parties have requested Judge Wang extend the fact discovery deadline to January 30, 2023; Judge Wang has not responded to the request yet.

5. <u>Previously Scheduled Conference Dates</u>. N/A.

6. <u>Outstanding Motions</u>. There are no motions outstanding.

7. <u>Pending Appeals</u>. There are no pending appeals.

8. <u>Discovery Undertaken to Date</u>. The parties have completed initial disclosures and have exchanged documents. The document exchange was delayed as a result of disagreements that have been resolved is voluminous.

9. <u>Prior Settlement Discussions.</u> Prior to this lawsuit being filed, the parties unsuccessfully discussed settlement. At the parties' request, the case was referred to Magistrate Ona T. Wang to conduct a settlement conference. Judge Wang conducted numerous settlement discussions. The parties were unable to reach a settlement.

10. <u>Alternative Dispute Resolution Etc.</u> The parties believe that a continued settlement conference with Judge Wang should be scheduled after fact discovery is completed.

11. <u>Estimated length of trial.</u> At this time, Plaintiff anticipates the trial to last between 5 and 7 days. Defendant anticipates the trial will last 4-5 days.

12. <u>Additional Information</u>. We do not currently have a Civil Case Management Plan and Scheduling Order in place. We believe that a Plan and Order will be discussed at our December 6, 2023 conference with Judge Wang.

    Respectfully submitted,

    */s/ Anthony M. Juliano*

    Anthony Juliano, Esq.
    BRACH EICHLER, LLC