UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ASCOT VALLEY FOODS, LTD.,                     :
                                              :
                          Plaintiff,          :            22-CV-2655 (DEH) (OTW)
                                              :
              -against-                       :            **ORDER**
                                              :
ADF FOODS (USA), LTD.,                        :
                                              :
                          Defendant.          :
                                              :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

I.      **INTRODUCTION**

Before the Court is Defendant's motion to amend its Rule 26 disclosures and interrogatory answers after the close of discovery correcting the inadvertent omission of the calculations used in its counterclaim. (ECF Nos. 92 – 94, ECF 101). Plaintiff opposes and cross-moves the Court to impose an exclusion sanction[1] as to the counterclaim damages calculations. (ECF 98). For the following reasons, Defendant's motion for leave to amend is **DENIED AS MOOT**, and Plaintiff's cross-motion for sanctions is **DENIED**.

II.     **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

The Court assumes familiarity with the underlying factual and procedural history of this action. As relevant here, Plaintiff brought an action in March 2022 alleging, *inter alia*, breach of contract claims against Defendant related to the manufacture of meatless meatballs. (ECF 1). In June 2022, Defendant filed an answer and asserted counterclaims for breach of contract and

---

[1] Since the Court declines to recommend imposing the sanction of exclusion that would effectively involuntarily dismiss Defendant's counterclaim, this Order does not require a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A).

disclosure of its trade secrets. (ECF 11). Defendant filed a Rule 26 disclosure in August 2022. (ECF 22). Defendant alleges that, at the time it filed ECF 22, it had "limited information on the extent of its damages on its counterclaims [and t]herefore, in its Rule 26(a) Disclosures, [Defendant] advised [Plaintiff that] it would provide a computation of damages after conducting fact discovery on these issues." (ECF 96-1 ¶3). These computations would be based on Plaintiff's unfulfilled purchase orders, data in Plaintiff's possession[2]. (ECF 101 at 7-8). After the completion of fact discovery in March 2024, and expert discovery in September 2024, (ECF Nos. 63,79), the parties participated in a settlement conference before the Court on April 25, 2025. (ECF 86). In preparing for that conference, Defendant discovered they had not provided the updated damages calculations to Plaintiff. (ECF 96 ¶5). Defendant amended their Rule 26 disclosures on April 29, 2025, and their interrogatory responses on April 30, 2025, to include "a detailed computation of damages for breach of contract and misappropriation of trade secrets[.]" (ECF Nos. 96-3 ¶3, 96-4 ¶9).

Plaintiff objected and the cross-motions now before the Court followed.

III.     DISCUSSION

A.  **Defendant's Application is Moot Because Leave of the Court is Not Required to Comply with the Ongoing Discovery Obligations Imposed by Rule 26**

It is axiomatic that "under Federal Rule of Civil Procedure 26(e), '[a] party who has made a disclosure under Rule 26(a) ... must supplement or correct its disclosure ... if the party learns that in some material respect the disclosure ... is incomplete or incorrect." *Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d 202, 209 (S.D.N.Y. 2021) (quoting Fed. R. Civ. P. 26(e)(1)(A)). This is

---

[2] The exception being the sale price that Defendant charged its customers which it combined with the unfulfilled order numbers provided by Plaintiff to tabulate lost profits. (ECF 101 at 8).

plainly also true of interrogatory answers for the same reasons. *See Diaz v. New York Paving Inc.*, 553 F. Supp. 3d 11, 19 (S.D.N.Y. 2021) ("a party 'who has responded to an interrogatory, request for production, or request for admission' [must] 'supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect...'" [quoting Fed. R. Civ. P. 26(e)(1)-(e)(1)(A)]). Thus, leave of the Court is not required. In fact, Defendant <u>must</u> amend its Rule 26 disclosures and interrogatory answers upon discovering an error or omission, which they did within a week of discovering the error. (ECF Nos. 96-3 ¶3, 96-4 ¶9). Accordingly, Defendant's application for leave to amend is **DENIED AS MOOT**.

### B.   Imposing Exclusion as a Sanction Is Inappropriate

Fed. R. Civ. P. 37(c)(1) provides that: "If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Contrary to Plaintiff's assertion that an exclusion sanction is automatic, the Rule further provides:

> [i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi).

*Id.*

A plain reading of Rule 37(c) makes it clear that its purpose is to prevent "sandbagging" in order to surprise an opponent with unexpected discovery. *See e.g., Ebewo v. Martinez*, 309 F.Supp.2d 600, 607 (S.D.N.Y.2004); *Johnson Electric North America Inc. v. Mabuchi Motor*

*America Corp.*, 77 F.Supp.2d 446, 458–59 (S.D.N.Y.1999). Indeed, it is well established that a district court has "broad discretion" to determine the nature of any sanction that should be imposed under Rule 37, "based on all the facts of the case." *AAIpharma Inc. v. Kremers Urban Dev. Co.,* No. 02-CV-9628(BSJ)(RLE), 2006 WL 3096026, at *5 (S.D.N.Y. Oct. 31, 2006) (quoting *Dimensional Sound, Inc. v. Rutgers Univ.*, No. 92-CV-2350[DLC], 1996 WL 11244, at *3 [S.D.N.Y. Jan. 10, 1996]). Especially because of the broad range of lesser sanctions available under Rule 37(c), preclusion is a drastic remedy that this Court will not impose lightly. *See Ebewo,* 309 F.Supp.2d at 607 ("Courts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion and caution"); *see also Kunstler v. City of New York*, 242 F.R.D. 261, 265 (S.D.N.Y.2007) (characterizing preclusion as "disfavored").

"Before [granting] the extreme sanction of preclusion, the Court should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 157 (S.D.N.Y. 2012) (quoting *Outley v. New York,* 837 F.2d 587, 591 (2d Cir.1988). The Court's consideration, while not exhaustive, should include:

> (1) the party's explanation for the failure to comply with the discovery [requirement];
> (2) the importance of ... the precluded [evidence];
> (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and
> (4) the possibility of a continuance.

*Id*. (quoting *Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.,* 118 F.3d 955, 961 [2d Cir.1997]).

4

As to the first factor, the Court concurs with Plaintiff that Defendant's omissions were not "substantially justified," because they were the result of preventable error by the Defendant. But "[e]ven where there is no justification and the delayed disclosures are not harmless, exclusion is usually not warranted" when "there are remedies short of preclusion that can address [that prejudice]." *IBM Corp. v. Micro Focus (US) Inc.*, No. 22-CV-9910 (VB) (VR), 2024 WL 2240281, at *4 (S.D.N.Y. May 17, 2024) (finding the failure to make an required disclosure under Rule 26 until after fact discovery closed was harmful because it denied "the opportunity to cross-examine this evidence fully during fact discovery[,]" but that any such harm could be cured by reopening discovery). Accordingly, this factor does not support preclusion.

As to the second factor, Plaintiff does not dispute Defendant's assertion that "evidence relating to the scope of damages is clearly critical to [Defendant's] case." (ECF 93 at 14). The Court concurs. *See id*. (excluding evidence related to damages "would be incredibly prejudicial to IBM and unnecessarily hinder its ability to seek proper relief"). Accordingly, this factor militates against preclusion.

As for the third factor, it is highly unlikely that Plaintiff was substantially prejudiced by Defendant's omission. Defendant alleges that "[Plaintiff] has always been aware of the purchase orders it did not fill," and Defendant simply, "identified its lost profit totals from those unfilled invoices." (ECF 101 at 11). It is certainly true that it may be prejudicial to deny Plaintiff the opportunity to cross-examine Defendant's amended damage calculations with discovery. *See id*. However, even putting aside that Plaintiff had most of the data Defendant used in their calculations already, Defendant notified Plaintiff of the error nearly 7 months ago.

(ECF 101 at 4). Plaintiff could easily have gotten the missing value information in the time it took to brief this motion and there remains ample time to seek additional discovery. Yet, Plaintiff does not even specify what kind of discovery is needed with respect to Defendant's amendments much less address why it cannot be done in a timely manner or make any specific requests for production. *See also Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (Late disclosure is harmless "when there is no prejudice to the party entitled to the disclosure"). Further, Defendant proactively offered to provide additional discovery, which Plaintiff summarily declined. (ECF 101 at 1). Likewise, the Court cannot find that any additional discovery cost is prejudicial since Plaintiff, by their inaction, has incurred none. Therefore, the Court finds this factor militates against exclusion.

Finally, the fourth factor militates against sanctions as neither party has moved for summary judgment on Defendant's counterclaims, the sole subject of Defendant's amendments, and the trial date is set for April 2026. (*See* ECF 90; ECF Nos. 108, 109, 110, 113, 114, 115, 116, 117; 91); *See, e.g. Schiller v. City of New York*, Nos. 04-CV-7922(RJS)(JCF), 04-CV-7921(RJS)(JCF), 2008 WL 4525341, *7 (S.D.N.Y. Oct. 09, 2008) (noting that "[c]urrently, no date is scheduled for a summary judgment motion or for trial, so a continuance is certainly possible"). Further, there is sufficient time for Plaintiff to conduct any desired additional discovery to evaluate Defendant's amended damages calculation, though Plaintiff has not identified what, if any, discovery that may be.

In sum, the Court finds that while Defendant erred by failing to make the required disclosures to support their counterclaim damages until after the close of discovery, this error is not one that warrants the drastic sanction of exclusion.[3]

**V.     CONCLUSION**

For the foregoing reasons, Defendant's application to amend their Rule 26 disclosures and interrogatory answers is **DENIED AS MOOT.** Plaintiff's motion for sanctions is **DENIED**.

In light of Defendant's amendments to their Rule 26 disclosures and interrogatory answers after the close of all discovery, fact and expert discovery are **REOPENED** until **December 19, 2025**. The parties are directed to meet and confer then submit a joint letter by **December 5, 2025**, proposing what, if any, additional discovery Plaintiff desires and proposing a schedule for completing that discovery by December 19, 2025.

The Clerk of Court is respectfully directed to close ECF 92.

**SO ORDERED.**

Dated: December 3, 2025
       New York, New York

/s/ Ona T. Wang
**Ona T. Wang**
United States Magistrate Judge

---

[3] The Court will not reach the question of excluding any evidence at trial such that should be raised by a motion *in limine* and makes this finding only as to the imposition of sanctions with respect to a discovery violation. If Plaintiff seeks to exclude evidence at trial, that is more properly raised before the trial judge before trial.