**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

ASCOT VALLEY FOODS, LTD.,                          :
                                                   :
               Plaintiff,          :          22-CV-2655 (DEH) (OTW)
                                                   :
           -against-            :          **ORDER**
                                                   :
ADF FOODS (USA), LTD.,                             :
                                                   :
            Defendant.            :
                                                   :

-------------------------------------------------------------x

      **ONA T. WANG**, **United States Magistrate Judge**:

      Before the Court is Defendant's motion to seal its amended Rule 26 disclosures and amended interrogatory responses (ECF Nos. 97-2 and 97-3) which Defendant filed as part of a declaration in support its prior motion to permit those amendments (ECF 92), and which I denied as moot at ECF 119.

      The Court will apply a three-step analysis to determine if the requested redactions should be allowed. First, courts consider whether the "documents are judicial documents" to which the "common law presumption of access attaches." *Authors Guild v. OpenAI Inc.*, No. 23-CV-10211 (SHS) (OTW), 2025 WL 66500, at *3 (S.D.N.Y. Jan. 10, 2025); if so, the court must then "determine the weight of that presumption." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Finally, the court must "balance competing considerations against" the presumption of access, including the "countervailing . . . privacy interests of those resisting disclosure." *Id*. at 120.

      Here, Defendant argues that their amended Rule 26 disclosures and Interrogatory responses are not judicial documents because they were not submitted as part of a dispositive

motion. While "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents," *Lugosch*, 435 F.3d at 121, and that is certainly not true of ECF 97, the Court must still determine if ECF Nos. 97-and 97-3 are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). On balance, I find that they are not.

Here, the Defendant's motion to amend, which included ECF Nos. 97-2 and 97-3, was moot and unnecessary given that a party is required to amend its Rule 26 disclosures and interrogatory responses upon discovering an error. Fed. R. Civ. P. 26(e)(1)(A); (*See* ECF 119 denying Defendant's motion to amend as moot). Because Defendant's amendments are to its Rule 26(a) disclosures and interrogatory answers, essentially discovery material, and the relevance of ECF Nos. 97-3 and 97-4[1] to the case is *de minimis*, I find the presumption of public access to ECF 97-3 and 97-4 is low. *See Bernsten v. O'Riley*, 307 F. Supp. 3d 161, 167 (S.D.N.Y. 2018) ("documents passed between the parties during the course of discovery are beyond the presumption's reach").

As Defendant correctly points out, Courts in this district frequently permit sealing of the type of proprietary information at issue here. *See e.g., Skyline Steel, LLC v. PilePro, LLC*, 101 F.Supp.3d 394, 413- 14 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information"); *Hesse v. SunGard Systems Inter.*, No. 12-CV-1990 (CM) (JLC), 2013 WL 174403, at *2 (S.D.N.Y. Jan. 4, 2013) (sealing "sensitive client information and proprietary business information, including *inter alia*, the company's bulling rates and project pricing").

---

[1] The relevance of the actual document should be distinguished from the relevance of the information contained therein. The Court will not reach the question as to the relevance of the redacted information itself, only the filings containing it.

Therefore, because I find ECF 97-2 and 97-3 are not judicial documents and are accorded a low presumption of access easily overcome by Defendant's privacy arguments, the application to maintain ECF Nos. 97-2 and 97-3 under seal is **GRANTED** and ECF 96 may remain on the docket in its current, redacted form.

The Clerk of Court is respectfully directed to close ECF 123.

**SO ORDERED.**

_/s/ Ona T. Wang_

Dated: December 19, 2025      **Ona T. Wang**
New York, New York      United States Magistrate Judge