**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASCOT VALLEY FOODS, LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>ADF FOODS (USA), LTD.,<br><br>*Defendant*. | Civil Case No.: 22-cv-02655-DEH-OTW |

**[~~PROPOSED~~] PERMANENT INJUNCTION**

This action having been tried to the Court in a bench trial on April 6, 2026, April 7, 2026 and June 25, 2026, and the Court having issued its Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52(a) on June 26, 2026 (ECF # 166) the Court finds:

**1.** Plaintiff / Counter-Defendant Ascot Valley Foods Ltd., ("Ascot") misappropriated Defendant / Counter-Plaintiff ADF Foods (USA), Ltd.'s ("ADF") trade secrets in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832, et seq. and New York law (the "Misappropriation Claims").

**2.** ADF has succeeded on the merits of its Misappropriation Claims against Ascot.

**3.** Under the parties' July 29, 2015 Co-Pack Agreement (the "Agreement"), Ascot was provided with ADF's recipes, formulas, and other intellectual property and proprietary information, which Ascot was required to keep confidential, could not disclose to any other customer or third party, and could not use for any purpose other than to service the Agreement (i.e., to make products for ADF).

**4.** ADF's recipes and cooking specifications – provided to Ascot pursuant to the Agreement – were trade secrets, as these recipes were valuable assets that ADF invested significant time, money and resources into developing, from which it derived substantial economic benefit. This included ADF's recipes and cooking specifications for meatless meatballs.

**5.** Ascot misappropriated ADF's trade secrets in producing meatless meatballs for its own benefit. Ascot received ADF's trade secrets pursuant to the Agreement and misappropriated them through unauthorized use and breaches of its confidentiality and use restrictions under the Agreement.

**6.** Ascot used ADF's intellectual property, including specifications, formulations and processing methods that were derived from ADF's recipes to produce nearly identical meatless meatballs that it sold to other customers, including Lidl, Creative Fine Foods, and Topco.

**7.** The Court concluded that a permanent injunction is warranted prohibiting Ascot from using or disclosing ADF's trade secrets and requiring the return or destruction of materials containing such information.

**8.** For purposes of this Permanent Injunction, the term "ADF Trade Secrets" means ADF's recipes and cooking specifications used for ADF's meatless meatball products, including the formulations and processing methods the Court found Ascot used to produce nearly identical meatless meatballs for other customers.

**IT IS HEREBY ORDERED** pursuant to Fed. R. Civ. P. 65(d) and 18 U.S.C. § 1836(b)(3)(A), as follows:

**I. Permanent Injunction on Sales, Distribution, and Disclosure**

Ascot Valley Foods Ltd. ("Ascot"), together with its officers, directors, employees, agents, servants, attorneys, representatives, affiliates and all other persons in active concert or participation with Ascot who receive actual notice of this Order by personal service or otherwise (collectively, "Covered Persons"), are permanently enjoined from, directly or indirectly, performing any of the following actions or engaging in any of the following activities:

(1) Using or disclosing ADF's Trade Secrets (defined above), in whole or in part;

(2) Making, manufacturing, developing, offering to sell, selling, marketing, advertising, or otherwise distributing anywhere in the world any product derived from ADF's Trade Secrets, specifically including, but not limited to, the following products:

a. Lidl's Classic Meatless Meatballs

b. Lidl's Zesty Meatless Meatballs

c. Creative Fine Foods Classic Meatless Meatballs

d. Creative Fine Foods Zesty Meatless Meatballs

e. Topco's Classic Meatless Meatballs

**II. Return and Destruction of ADF's Trade Secrets**

Within thirty (30) days of the entry of this Order, all Covered Persons shall:

(1) Return to ADF all documents and materials, in any form or medium, containing or reflecting ADF's Trade Secrets; or

(2) Destroy any and all copies of such documents and materials, including those stored electronically, and all derivative materials created from ADF's Trade Secrets.

**III. Retention of Jurisdiction and Violations**

The Court shall retain jurisdiction of this matter to enforce any violations of this Order. Violations of this Order may subject any person bound by it to contempt of court.

SO ORDERED on this 14th day of July, 2026, in New York, NY.

DALE E. HO
UNITED STATES DISTRICT JUDGE